# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>FOODFIRST GLOBAL RESTAURANTS, INC.,<br><br>    Defendant. | Case No. 2:19-cv-3125<br><br>Judge Sarah D. Morrison<br>Chief Magistrate Judge Elizabeth P. Deavers |

## **STIPULATED PROTECTIVE ORDER**

This action is before the Court for the entry of a stipulated protective order, and the Court having considered the same does hereby order as follows:

1. This Protective Order shall apply to the above-captioned action, No. 2:19-CV-3125 ("the Litigation").

2. The terms and conditions of this Protective Order shall govern the production and handling of documents, including any extract, abstract, chart, summary, note, or copy made therefrom, answers or responses to interrogatories, responses to requests for admissions, depositions, pleadings, exhibits, other discovery taken pursuant to the Federal Rules of Civil Procedure or any other applicable rules of civil procedure, and all other information produced by any party to the Litigation ("Party"), or by any third party in response to discovery requests or subpoenas.

3. The designation "CONFIDENTIAL" shall be limited to information that any producing Party, or any producing third party, in good faith, believes to contain (a) proprietary or commercially sensitive information, including trade secret or other confidential research or development information; (b) financial information; (c) computer source code; or (d) information

that otherwise should be subject to confidential treatment under any rule applicable to civil actions in the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

    4.    Information designated as "CONFIDENTIAL" may be disclosed only to the following persons, who shall hold the information in confidence and shall not divulge the information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by Court order or agreement of the Parties or unless otherwise required by law:

    (a)    a Party or an employee of a Party;

    (b)    counsel of a Party, including paralegal assistants and clerical employees working under the supervision of such counsel;

    (c)    court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel;

    (d)    actual or potential experts or consultants who are retained by any Party, provided those experts are given a copy of this Protective Order and expressly agree to abide by its terms;

    (e)    a person who prepared, received, or reviewed the "CONFIDENTIAL" information prior to its production in the Litigation;

    (f)    during depositions and preparation for depositions, a deposition witness who is a current or former employee or designee witness of the Party or third party that produced the applicable document(s) or information, or who appears, based upon the document or information itself, or deposition testimony, to have knowledge of the contents of the document or information designated "CONFIDENTIAL" or the specific events, transactions, discussions, or data reflected in the document or information; and

    (g)    the Court, and any mediator appointed by the Court.

    5.    The designation "HIGHLY CONFIDENTIAL" shall be limited to information that any producing Party, or any producing third party, in good faith, believes to contain information relating to:

(a) "CONFIDENTIAL" information (as defined in Paragraph 3) the disclosure of which is likely to cause competitive or commercial injury to the producing Party.

6. Information designated "HIGHLY CONFIDENTIAL" may be disclosed only to the following persons, who shall hold the information in confidence and shall not divulge the information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by Court order or agreement of the Parties or unless otherwise required by law:

(a) counsel of a Party, including paralegal assistants and clerical employees working under the supervision of such counsel;

(b) in-house counsel of a Party, including paralegal assistants and clerical employees working under the supervision of such counsel, who have agreed to be bound by the terms of this Protective Order and have executed a certification in the form attached hereto as Exhibit A;

(c) court reporters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided those individuals or a company official with authority to do so on behalf of the company executes a certification in the form attached hereto as Exhibit A;

(d) potential or actual experts or consultants who (i) are retained by any Party or any attorney described above in Subparagraphs 6(a) and (b) to assist with the Litigation; (ii) are not current employees of a Party or subsidiary or affiliate of a Party; and (iii) who execute a certification in the form attached hereto as Exhibit A;

(e) during depositions and preparation for depositions, a deposition witness who is a current or former employee or designee witness of the Party or third party that produced the applicable document(s) or information, or who appears, based upon the document or information itself, or deposition testimony, to have knowledge of the contents of the document or information designated "HIGHLY CONFIDENTIAL," or the specific events, transactions, discussions, or data reflected in the document or information, provided such witness executes a certification in the form attached hereto as Exhibit A; and

(f) the Court, and any special master or mediator appointed by the Court, under seal.

7. This Protective Order shall apply retroactively to any and all information or documents already produced or exchanged, informally or formally, in the Litigation.

8. This Protective Order does not apply to information or documents that a Party already had in its possession prior to the production of such information or documents in the Litigation and that are not subject to any obligation of confidentiality.

9. All documents and information produced or exchanged in in the course of the Litigation shall be used or disclosed solely for the purpose of the Litigation and in accordance with the provisions of this Protective Order. The foregoing notwithstanding, this Protective Order has no effect on, and its scope shall not extend to, any Party's use or disclosure of its own documents and information.

10. Any person or Party that receives a request or subpoena for production or disclosure of documents or information produced or exchanged in the course of the Litigation that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by another party shall promptly give notice by email to the attorneys of record for the producing Party, identifying the information sought and enclosing a copy of the subpoena or request. Provided that the producing Party makes a timely motion or other application for relief from the subpoena or other request in the appropriate forum, the non-producing person or Party subject to the subpoena or other request shall not produce or disclose the requested information without the consent of the producing Party or until ordered by a court of competent jurisdiction.

11. Counsel shall provide each person to whom they disclose or give access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information with a copy of this Protective Order, and advise each such person of his or her obligation to comply with the terms of the Protective Order. Persons receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

4

information are prohibited from disclosing it to any person except in conformance with this Protective Order. The recipient of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of this Protective Order.

12. The recipient of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his or her own confidential or proprietary information.

13. "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information may include or be included in any document, physical object, tangible thing, transcript or oral testimony or recorded statement of counsel, such as, by way of example and not limitation, initial disclosures, transcripts, answers to interrogatories and other responses to discovery requests, pleadings, briefs, summaries, notes, abstracts, motions, drawings, illustrations, diagrams, blueprints, journal entries, logbooks, compositions, devices, test reports, programs, code, commands, electronic data, electronic media, databases, and any other records and reports that comprise, embody, or summarize information about the producing Party's business, products, practices, and procedures. "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information shall not include information that (a) was in the public domain at the time the disclosing party communicated it to the receiving party; (b) entered the public domain, through no fault of the receiving party, after the disclosing party communicated it to the receiving party; (c) already was in the receiving party's possession at the time the disclosing party communicated it to the

5

receiving party; or (d) was communicated to the receiving party by a third party without any designation of confidentiality by the third party.

14. All or any part of a document, tangible item, discovery response, or pleading disclosed, produced or filed by any Party or person in the Litigation may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the producing or disclosing Party or person by marking the appropriate legend on the face of the document and each page so designated. With respect to tangible items, the appropriate legend shall be marked on the face of the tangible item, if practicable, or by written notice at the time of disclosure, production or filing that such tangible item is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

15. The Parties may designate the deposition testimony and exhibits (or portions thereof) of any witness in the Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of the deposition by advising the court reporter and all Parties of such fact during the deposition. Unless a shortened time period is requested as set forth below, within 30 days of receipt of the final transcript, the deponent, his or her counsel, or any other Party may designate all or portions of the transcript "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." A Party may reasonably request a shortening of the time period within which a confidentiality designation for a deposition transcript must be made for the purpose of conducting effective discovery, and consent to such a request shall not be unreasonably withheld.

16. With respect to computer source code, the following additional restrictions apply:

    (a)     access to the producing party's computer source code shall be provided to the receiving party, including its consultants and/or experts, upon twenty-one (21) days' notice of a first inspection and upon seven (7) business days' notice of subsequent inspections (and other days and/or times upon reasonable request) on a stand-alone computer during regular business hours, unless otherwise agreed to by the parties;

  (b) to the extent practicable, the producing party will produce computer source code and related electronic material in computer searchable format;

  (c) the receiving party shall be permitted to print up to 250 pages of printouts of the computer source code, and to the extent the receiving party requests additional pages, the producing party shall not unreasonably withhold granting such a request;

  (d) the producing party may visually monitor the activities of the receiving party's representative during any computer source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code, however, the receiving party's representative shall be permitted to take notes necessary to identify the portions of the computer source code for which the receiving party intends to request paper copies under Paragraph 16(c) above; and

  (e) all computer source code made available by the producing party, including the receiving party's representative's notes referenced in Paragraph 16(d) above, shall be treated as HIGHLY CONFIDENTIAL and subject to the restrictions of Paragraph 6 above.

17. A failure to designate documents or materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not, standing alone, waive the designating Party's right to secure protection under this Order for such documents or materials. If such documents or materials are determined to be appropriate to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" after production or after the time to designate has otherwise lapsed, the receiving Party, upon notification of the designation by the designating Party, shall treat the documents or materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with this protective order. Nothing herein limits the receiving Party's ability to challenge the designation pursuant to the terms set forth in Paragraph 19 below.

18. Any documents or pleadings to be filed with the Court that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall be filed under seal, pursuant to the Local Rules of the U.S. District Court for the Southern District of Ohio.

However, the Party filing any such document or pleading also shall file with the clerk a public version of any document drafted by any Party (e.g., pleadings, memoranda in support, oppositions, reply briefs and affidavits, but not including exhibits or attachments to such documents), that redacts only the information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" within two (2) business days of the filing of the document or pleading filed under seal as described above.

19.     Nothing in this Protective Order shall be construed as a finding that information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is actually "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information. Any Party may object, in writing, to the designation by a producing Party or a producing third party by providing the Bates number range(s) of the document(s) to which it objects, and its grounds for objecting to the designation. A Party shall not be obligated to challenge the propriety of a designation at the time made, and failure to do so shall not preclude any subsequent challenge.  Within five (5) business days of the receipt of such written objection, counsel for the producing Party or producing third party and counsel for the objecting Party shall confer in an effort to resolve any disagreement regarding the producing Party's or producing third party's designation of the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If the dispute is not resolved within seven (7) business days of receipt of a written objection, the Party challenging a confidentiality designation may at any time thereafter file a motion stating its objections and requesting relief from the Court.  The producing Party or producing third party shall have the burden of persuasion with respect to the propriety of the designation.  The Parties agree that any motion practice concerning challenges to a confidentiality designation shall be subject to the expense-

8

shifting provisions of Fed. R. Civ. P. 37(a)(5). The information, documents or materials shall continue to receive the protection of their designation until the Court rules on the motion.

20. None of the terms in this Protective Order shall affect or prejudice the legal claims or defenses of any Party, and nothing contained herein shall be an admission of relevance or to affect the admissibility of any documents, testimony, or other evidence in the Litigation. This Protective Order is without prejudice to the right of any Party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible.

21. A producing person or entity who is not a Party in the Litigation shall be entitled to the protections afforded herein by signing a copy of this Protective Order and serving it on all counsel of record. Thereafter, a producing person or entity may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, documents or things that such producing person or entity has produced or provided in the Litigation.

22. This Protective Order shall survive the termination of the Litigation and any consolidated actions, and shall continue in full force and effect thereafter.

23. Within sixty (60) days after final termination of the Litigation as to all Parties, including resolution of all appellate proceedings, counsel for the receiving Party shall:

(a) for all paper documents identified as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in his or her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the receiving Party, (i) return those documents to the Party that produced them; (ii) destroy those documents and certify in writing the destruction of all documents to counsel for the producing Party; or (iii) protect documents that cannot be destroyed with the same care used while the Litigation was active until such time as the information can be destroyed and thereafter certify in writing the destruction of all documents to counsel for the producing Party.

and

(b) for all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" documents or electronically stored information, as that term is used in the Federal Rules of Civil Procedure, (i) securely erase those documents and certify in writing the destruction of all documents to counsel for the producing Party; or (ii) protect documents that cannot be destroyed with the same care used while the Litigation was active until such time as the information can be destroyed and thereafter certify in writing the destruction of all documents to counsel for the producing Party.

24. After final termination of the Litigation, including the resolution of all appellate proceedings, outside counsel for a Party may each retain one copy of each deposition transcript, deposition exhibit, court transcript, trial or hearing exhibit, document, and other material submitted to the Court. Nothing herein shall require the return or destruction of attorney work product. Such material shall continue to be treated as designated under this Protective Order.

25. If information or materials subject to a claim of attorney-client privilege, work product doctrine or any other privilege or immunity from disclosure is produced without intending to waive the claim of privilege or immunity associated with such information or materials, such production shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claims of privilege or immunity from disclosure applicable to such information or materials. If a Party has produced information subject to a claim of privilege or immunity from disclosure without intending to waive the claim of privilege or immunity, upon written request made by the producing Party within twenty-one (21) days of after the producing Party actually discovers such inadvertent or mistaken production, the information for which a claim for inadvertent production is made, including all copies, shall be returned within seven (7) business days of such request. Any documents or materials that reflect the contents of the inadvertently produced information shall be destroyed by the receiving Party, and the receiving Party shall

certify such destruction to the producing Party within seven (7) business days of the producing Party's request for return of the privileged materials.  In addition, if the receiving Party has disclosed such privileged materials to a third party over whom it has control, the receiving Party shall retrieve such materials and any notes or other documents or materials such third party created that reflect the contents of the privileged material.  By complying with these obligations, the receiving Party does not waive any right to challenge the assertion of privilege and to request an order of the Court denying such privilege and compelling production of the information or materials.  In the event of a challenge by the receiving Party to the assertion of privilege with respect to such inadvertently produced information or materials, the Party asserting the privilege shall submit such materials to the Court for *in camera* inspection.  The Party asserting the privilege bears the burden of demonstrating the existence of privilege or immunity from disclosure as to the materials or information at issue.  Pending the Court's ruling, a receiving Party shall not make use of such information or materials in any way, and shall not disclose such information to any third party.  Upon compliance with this paragraph by the producing Party, the disclosure of privileged information or materials without intending to waive the privilege shall not be deemed as a waiver with respect to the particular item of the privileged material, or to any other document or information involving a similar subject matter.

26. Nothing in this Protective Order shall prevent any Party from applying to the Court for relief from the Protective Order, or from applying to the Court for further or additional Protective Orders, or for a modification of this Protective Order.

**IT IS SO ORDERED.**

Dated: October 15, 2019

*s/Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
CHIEF UNITED STATE MAGISTRATE JUDGE

STIPULATED AND AGREED TO:

| | |
|---|---|
| /s/ *Howard L. Wernow\** | /s/ *John M. Kuhl* |
| Howard L. Wernow, *Trial Attorney* | Vorys, Sater, Seymour and Pease LLP |
| Sand, Sebolt, & Wernow, LPA | John M. Kuhl, *Trial Attorney* |
| 4940 Munson Street NW, Suite 1100 | 52 E. Gay Street |
| Canton, Ohio 44718 | Columbus, Ohio 43216 |
| 330-244-1174 (Phone) | 614-464-5646 (Phone) |
| 330-244-1173 (Fax) | 614-719-5129 (Fax) |
| Howard.Wernow@sswip.com | jmkuhl@vorys.com |
| | |
| Kirk J. Anderson (CA SBN 289043) | Michael J. Garvin |
| M. Grant McArthur (CA SBN 321959) | Aaron M. Williams |
| Budo Law P.C. | 200 Public Square, Suite 1400 |
| 5610 Ward Road, Suite 300 | Cleveland, Ohio 44114 |
| Arvada, Colorado 80002 | 216-479-6100 (Phone) |
| 720-225-9440 (Phone) | 216-479-6060 (Fax) |
| 720-225-9331 (Fax) | mjgarvin@vorys.com |
| kanderson@budolaw.com | amwilliams@vorys.com |
| gmcarthur@budolaw.com | |
| | |
| \*filed with counsel's electronic consent | *Counsel for FoodFirst Global Restaurants, Inc.* |
| *Counsel for Symbology Innovations, LLC* | |

**EXHIBIT A**

**CERTIFICATION**

      I hereby certify that I have read the attached Protective Order entered by U.S. District Court for the Southern District of Ohio, in *Symbology Innovations, LLC. v. FoodFirst Global Restaurants, Inc.*, Case No. 2:19-CV-3125 (the "Order"), and I agree that I will not reveal "HIGHLY CONFIDENTIAL" information to, or discuss such information with, any person who is not entitled to receive "HIGHLY CONFIDENTIAL" information in accordance with the Order, and I will use "HIGHLY CONFIDENTIAL" information only for the purposes of this Litigation and not for any business or other purpose. I will otherwise keep all "HIGHLY CONFIDENTIAL" information confidential in accordance with this Order. I agree that the U.S. District Court for the Southern District of Ohio has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of this Court over my person for that purpose. I otherwise will be bound by the strictures of the Order.

Dated: _____

 

                                                 _____
                                                        [Signature]

                                               _____
                                                      [Print Name]

                                               _____
                                                         [Employer]

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2019, a copy of the foregoing *[Proposed] Stipulated Protective Order* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                                           Respectfully submitted,

                                           */s/ John M. Kuhl*
                                           John M. Kuhl, *Trial Attorney*
                                           Vorys, Sater, Seymour and Pease LLP
                                           52 E. Gay Street
                                           Columbus, Ohio 43216
                                           614-464-5646 (Phone)
                                           614-719-5129 (Fax)
                                           jmkuhl@vorys.com

                                           *One of the Attorneys for Defendant*
                                           *FoodFirst Global Restaurants, Inc.*