# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC, | CASE NO. 2:19-CV-3125 |
| Plaintiff, | JUDGE SARAH D. MORRISON |
| v. | MAGISTRATE JUDGE ELIZABETH PRESTON DEAVERS |
| FOODFIRST GLOBAL RESTAURANTS, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## DEFENDANT FOODFIRST GLOBAL RESTAURANTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant FoodFirst Global Restaurants, Inc. ("FoodFirst") hereby responds to the Complaint (D.I. 1) filed on July 18, 2019 (the "Complaint") by Plaintiff Symbology Innovations, LLC ("Symbology").

1. Symbology's Complaint speaks for itself. Answering further, FoodFirst admits that U.S. Patent No. 8,424,752 (the "Patent-in-Suit") recites on its face that its title is "System and method for presenting information about an object on a portable electronic device" and that Exhibit A to the Complaint purports to be a copy of the Patent-in-Suit. FoodFirst denies all other allegations in paragraph 1 of the Complaint.

### NATURE OF THE ACTION[1]

2. Symbology's Complaint speaks for itself.

### PARTIES

3. FoodFirst lacks information and knowledge sufficient to admit or deny the allegations in paragraph 3 of the Complaint, and, therefore, denies them.

---

[1] FoodFirst has incorporated the headings used in the Complaint for convenience only, and to the extent any heading purports to be an allegation against FoodFirst, FoodFirst denies it.

4. FoodFirst admits it is a company incorporated in Ohio with an address of 777 Goodale Blvd., Ste. 100, Columbus, Ohio 43212.  Answering further, FoodFirst admits that its registered agent is Corporation Service Company, whose address is 50 West Broad Street, Ste. 1330, Columbus, Ohio 43215.  The remainder of the allegations in paragraph 4 of the Complaint set forth conclusions of law to which no response is required.

5. FoodFirst admits that it is the owner and operator of the Bravo and Brio restaurant chains.  Answering further, FoodFirst admits that an acquisition occurred on May 24, 2018, involving Bravo Brio Restaurant Group, Inc. and FoodFirst.  Further answering, as the Articles of Incorporation referred to in paragraph 5 of the Complaint are not attached, FoodFirst lacks information and knowledge sufficient to admit or deny the allegations in paragraph 5 of the Complaint pertaining to the Articles of Incorporation, and, therefore, denies them.  The remainder of the allegations in paragraph 5 of the Complaint set forth conclusions of law to which no response is required.

## JURISDICTION AND VENUE

6. Symbology's Complaint speaks for itself.  The remainder of the allegations in paragraph 6 of the Complaint set forth conclusions of law to which no response is required.

7. The allegations in paragraph 7 of the Complaint set forth conclusions of law to which no response is required.

8. Denied.

9. The allegations in paragraph 9 of the Complaint set forth conclusions of law to which no response is required.

<u>PATENT-IN-SUIT</u>

10. The Patent-in-Suit speaks for itself. The remaining allegations in paragraph 10 of the Complaint set forth conclusions of law to which no response is required.

<u>COUNT I</u>
(Infringement of U.S. Patent No. 8,424,752)

11. FoodFirst repeats and incorporates each of its responses to the foregoing paragraphs as if fully set forth herein.

12. The allegations in paragraph 12 of the Complaint set forth conclusions of law to which no response is required. Answering further, FoodFirst lacks information and knowledge sufficient to admit or deny the allegations in paragraph 12 of the Complaint, and, therefore, denies them.

13. The allegations in paragraph 13 of the Complaint set forth conclusions of law to which no response is required. Answering further, FoodFirst lacks information and knowledge sufficient to admit or deny the remaining allegations in paragraph 13 of the Complaint, and, therefore, denies them.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. FoodFirst lacks information and knowledge sufficient to admit or deny the allegations in paragraph 27 of the Complaint, and, therefore, denies them.

REQUEST FOR RELIEF

28. FoodFirst denies that Symbology is entitled to the specific relief requested in subparagraphs (a) through (f) or to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

Without assuming any burden that it would not otherwise bear, and reserving its right to assert additional defenses, FoodFirst, for its defenses, pleads as follows:

**FIRST AFFIRMATIVE DEFENSE**
**(Non-Infringement)**

1. Symbology is not entitled to any relief against FoodFirst because FoodFirst has not infringed and is not infringing, either directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the Patent-in-Suit.

**SECOND AFFIRMATIVE DEFENSE**
**(Alternative Pleading Bar)**

2. Symbology is prohibited from pursuing, against FoodFirst, both a direct infringement theory of liability, under 35 U.S.C. § 271(a), and an indirect or induced infringement theory of liability, under 35 U.S.C. § 271(b). *See Picker Int'l, Inc. v. Varian Assocs.*, 661 F. Supp. 347, 350 (N.D. Ohio 1987).

**THIRD AFFIRMATIVE DEFENSE**
**(No Recovery of Costs)**

3. Symbology's recovery of costs is limited under 35 U.S.C. § 288.

**FOURTH AFFIRMATIVE DEFENSE**
**(No Injunctive Relief)**

4. Symbology is not entitled to injunctive relief because any alleged injury to Symbology is not immediate or irreparable, and Symbology has an adequate remedy at law.

**FIFTH AFFIRMATIVE DEFENSE**
**(All Other Defenses Reserved)**

5. FoodFirst reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available, based on discovery and further investigation in this case.

**JURY DEMAND**

FoodFirst hereby demands a trial by jury in this action on all issues so triable.

Dated: October 15, 2019

Respectfully submitted,

**VORYS, SATER, SEYMOUR AND PEASE LLP**

/s/ *John M. Kuhl*
John M. Kuhl (0080966)
52 East Gay Street
Columbus, Ohio 43215
Phone: (614) 464-6400
Fax: (614) 464-6350
E-mail: jmkuhl@vorys.com

Michael J. Garvin (0025394)
Aaron M. Williams (0090319)
200 Public Square, Suite 1400
Cleveland, Ohio 44114
Phone: (216) 479-6100
Fax: (216) 479-6060
E-mail: mjgarvin@vorys.com
amwilliams@vorys.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2019, a copy of the foregoing *Defendant FoodFirst Global Restaurants, Inc.'s Answer and Affirmative Defenses* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                Respectfully submitted,

                */s/ John M. Kuhl*
                John M. Kuhl (0080966)
                VORYS, SATER, SEYMOUR AND PEASE LLP
                52 East Gay Street
                Columbus, Ohio 43215
                Phone:   (614) 464-6400
                Fax:      (614) 464-6350
                E-mail:   jmkuhl@vorys.com

                *One of the Attorneys for Defendant*
                *FoodFirst Global Restaurants, Inc.*